# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2123

_____

| | | |
|---|---|---|
| Richard Delon Day, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kimberly Emery, Dental Assistant, | * | |
| North Central Unit, ADC; Cass Cherry, | * | [UNPUBLISHED] |
| Medical Administrator, North Central | * | |
| Unit, ADC, originally sued as Cash | * | |
| Cherry; Thomas Bailey, Dr., North | * | |
| Central Unit, ADC, originally sued as | * | |
| T. Bailey; Correctional Medical | * | |
| Services; John Does, (1-5), | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 15, 2007
Filed: June 20, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Richard Delon Day, Jr., appeals the district court's[1] order dismissing his 42 U.S.C. § 1983 action following an evidentiary hearing. Because Day did not make a jury demand, we review the district court's factual findings for clear error and its conclusions of law de novo. See Choate v. Lockhart, 7 F.3d 1370, 1373 n.1 (8th Cir. 1993). Contrary to Day's suggestions on appeal, the district court was entitled to discount some of his testimony and accept the testimony of others, see Estate of Davis v. Delo, 115 F.3d 1388, 1394 (8th Cir. 1997) (credibility determinations are uniquely within fact finder's province); and we conclude the court did not err in rejecting Day's deliberate-indifference and negligence claims, see Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (to prevail on Eighth Amendment claim, plaintiff must show more than gross negligence). We further conclude that Day's evidence fell short of establishing an equal protection violation, see Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 984 (8th Cir. 2004) (to prevail on equal protection claim, inmate had to show that he was treated differently than similarly situated classes of inmates, and that differing treatment burdened one of his fundamental rights and bore no rational relationship to legitimate penal interest), or a breach of contract on the part of Correctional Medical Services.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.